**In re D.L.J., a minor.**

**Gena EDWARDS, Appellant,**

v.

**Barbara SLOAN and Ruben Jones, Respondents.**

No. 67886.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 20, 1996.

John T. Murray, Columbia, for appellant.

No appearances for respondent or representative of D.L.J.

KAROHL, Judge.

Gena Edwards, in her capacity as petitioner for appointment as guardian/conservator for D.L.J., born December 2, 1993, appeals dismissal of her petition without a hearing. The appeal was not opposed by either parent or any representative of D.L.J. We find petitioner is entitled to a hearing on the petition. We reverse the dismissal and remand the cause.

Petitioner, Gena Edwards, has cared for D.L.J. since shortly after his birth. He has never resided with either his natural mother or father. The mother signed a Newborn Custodian/Guardian consent form on October 5, 1993, authorizing petitioner Edwards to have temporary custody and giving her permission to seek medical attention, if needed. After the time limit set in the consent form expired, petitioner filed this proceeding in the probate court.

We do not reach the merits of the petition. We consider only the argument that the probate court is obligated to have a hearing, take testimony of witnesses, and make a decision on the merits.

The subject matter of the petition is within the jurisdiction of the probate court. Section 472.020 RSMo 1994. Letters of guardianship of the person of a minor may be granted when the parents are unwilling, unable, or judged unfit to assume the duties of natural guardianship. Section 475.030.4(2) RSMo 1994. Letters of conservatorship may be granted if the court decides that the best interests of the minor requires letters of

conservatorship. Section 475.030.3(2) RSMo 1994. The petition alleges grounds for venue in Audrain County because the child lives there with petitioner. Section 475.035.1(1) RSMo 1994.

The petition is sufficient in form and substance to present the issues to the probate court. The petition requests appointment as guardian and conservator, rather than adoption or placement for future adoption. Petitioner proceeds only on the basis that she is and has been the ad hoc custodian of the child. The issues are: (1) whether the natural parents are unwilling or unable to provide for the minor child; and, (2) the appointment of the most suitable person who is willing to serve as guardian/conservator, if required. Section 475.045.3 RSMo 1994. We find no procedural or substantive deficiencies in the petition and none were relied on in the order dismissing the petition.

We conclude that the probate court has both the power and the duty to inquire into the necessity of guardianship/conservatorship in the present case. *State of Missouri ex rel. Standefer v. England*, 328 S.W.2d 732, 737 (Sp.C.App.1959). In the event there is proof no natural parent is fulfilling parental duties, then the appointment of a statutory guardian is necessary. *Reece v. Reece*, 890 S.W.2d 706, 710 (Mo.App.W.D.1995).

We reverse dismissal and remand for hearing.

REINHARD, P.J., and CRANDALL, J., concur.